UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE JURICH,

        Petitioner,                Case Number: 02-CV-70074

v.                                        HONORABLE AVERN COHN

BARRY MCLEMORE,

        Respondent.
_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

I.

This is a habeas case under 28 U.S.C. § 2254 which has long since closed. In 2002, petitioner George Jurich, a state prisoner convicted of first-degree murder and conspiracy to commit murder and serving a life sentence, filed a petition for writ of habeas corpus claiming that he was incarcerated in violation of his constitutional rights. Petitioner raised twelve claims, including a claim that the state courts lacked jurisdiction over him because he was in the military. The Court dismissed the petition on the grounds that it was barred by the one-year statute of limitations. See Opinion and Order Granting Respondent's Motion for Summary Disposition and Dismissing Petition for Writ of Habeas Corpus, filed July 25, 2002.

Before the Court is Petitioner's motion for relief from judgment under Fed. R. Civ. P. 60(b). For the reasons that follow, the motion is DENIED.

II.

As noted above, the Court dismissed the petition because it was not timely. Petitioner then filed a motion for a certification of appealability, which was also denied. See Order Denying Certificate of Appealability, filed October 22, 2002. The Court of Appeals for the Sixth Circuit also declined to issue a certificate of appealability. See Jurich v. McLemore, case no. 02-2284 (Aug. 8, 2003). The Supreme Court denied certiorari. See Jurich v. McLemore, case no. 03-7936 (March 9, 2004). Over five years later, on August 20, 2009, Petitioner filed the instant motion.

III.

Petitioner asks the Court to vacate its order dismissing his petition and/or reopen his case on the grounds that there has been fraud. In order to succeed, Petitioner must show the following: (1) conduct by an officer of the court (2) that is directed towards the judicial machinery itself, (3) that is intentionally false, wilfully blind to the truth or is in reckless disregard for the truth, (4) that is a positive averment or concealment when one is under a duty to disclose and (5) that deceives the court. Workman v. Bell, 484 F.3d 837, 840 n. 1 (6th Cir. 2007). "Independent actions must . . . be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." United States v. Beggerly, 524 U.S. 38, 46 (1998) (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). See also Charter Tp. of Muskegon v. City of Muskegon, 303 F.3d 755, 760 (6th Cir. 2002).

Petitioner fails to make such a showing. Petitioner appears to suggest that his appellate counsel was ineffective in failing to properly present his appeal to the

Michigan Court of Appeals and effectively "sabotaged" his appeal. As a result, Petitioner says there has been a fraud upon the Court which the Attorney General, who represented Respondent in this case, failed to correct. Petitioner's contention that his appellate counsel was ineffective simply does not translate into a fraud upon the Court.

SO ORDERED.

      s/ Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 26, 2009

I hereby certify that a copy of the foregoing document was mailed to George Jurich, 179066, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221 and the attorneys of record on this date, October 26, 2009, by electronic and/or ordinary mail.

      s/ Julie Owens
Case Manager, (313) 234-5160