UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE JURICH,

        Petitioner,        Case Number: 02-CV-70074

v.        HONORABLE AVERN COHN

BARRY MCLEMORE,

        Respondent.
_____/

## ORDER DENYING MOTION CERTIFICATE OF APPEALBILITY

I.

This is a habeas case under 28 U.S.C. § 2254 which has long since closed. In 2002, petitioner George Jurich, a state prisoner convicted of first-degree murder and conspiracy to commit murder and serving a life sentence, filed a petition for writ of habeas corpus claiming that he was incarcerated in violation of his constitutional rights. Petitioner raised twelve claims, including a claim that the state courts lacked jurisdiction over him because he was in the military. The Court dismissed the petition on the grounds that it was barred by the one-year statute of limitations. See Opinion and Order Granting Respondent's Motion for Summary Disposition and Dismissing Petition for Writ of Habeas Corpus, filed July 25, 2002. Petitioner then filed a motion for relief from judgment under Fed. R. Civ. P. 60(b) which was also denied. See Order Denying Motion for Relief from Judgment, filed October 26, 2009. Before the Court is Petitioner's motion for a certificate of appealability, seeking to appeal the Court's denial of his Rule 60(b) motion. For the reasons that follow, the motion will be denied.

II.

As noted above, the Court dismissed the petition because it was not timely. Petitioner then filed a motion for a certification of appealability, which was also denied. See Order Denying Certificate of Appealability, filed October 22, 2002. The Court of Appeals for the Sixth Circuit also declined to issue a certificate of appealability. See Jurich v. McLemore, case no. 02-2284 (Aug. 8, 2003). The Supreme Court denied certiorari. See Jurich v. McLemore, case no. 03-7936 (March 9, 2004). Over five years later, on August 20, 2009, Petitioner filed a motion for relief from judgment, arguing that his appellate counsel was ineffective in failing to properly present his appeal to the Michigan Court of Appeals and effectively "sabotaged" his appeal. Petitioner further argued that there had been a fraud upon the Court which the Attorney General, who represented Respondent in this case, failed to correct. The Court denied the motion on the grounds his allegations failed to show fraud.

III.

Before Petitioner can appeal the Court's decision denying his motion under Rule 60(b), a certificate of appealability (COA) must issue. See United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (stating that "this prerequisite [a COA] is consistent with the language of section 2253, and therefore hold that [a Petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b)). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved

in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)).  Where a petition is rejected on the merits "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA.  See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).  Moreover, where a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA.  Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

### III.

Having carefully reviewed the file, for all the reasons stated in the October 26, 2009 order, reasonable jurists would not debate whether Petitioner's Rule 60(b) motion

deserves to proceed further or that the Court otherwise erred in denying the motion.

Accordingly, a COA is DENIED.

SO ORDERED.

                                              s/ Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

Dated: December 8, 2009

I hereby certify that a copy of the foregoing document was mailed George Jurich, 179066, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221 to the attorneys of record on this date, December 8, 2009, by electronic and/or ordinary mail.

                                              s/ Julie Owens
                                              Case Manager, (313) 234-5160