UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE JURICH,

        Petitioner,                      Case Number: 02-CV-70074

v.                                           HONORABLE AVERN COHN

BARRY MCLEMORE,

        Respondent.
_____/

## ORDER TRANSFERRING MOTION FOR RELIEF FROM JUDGMENT (Doc. 63) TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT

I.

This is a habeas case under 28 U.S.C. § 2254 which has long since closed. In 2002, Petitioner George Jurich, a state prisoner convicted of first-degree murder and conspiracy to commit murder and serving a life sentence, filed a petition for writ of habeas corpus claiming that he was incarcerated in violation of his constitutional rights. Petitioner raised twelve claims, including a claim that the state courts lacked jurisdiction over him because he was in the military. The Court dismissed the petition on the grounds that it was barred by the one-year statute of limitations. (Doc. 23).

Before the Court is Petitioner's motion for relief from judgment under Fed. R. Civ. P. 60(b). For the reasons that follow, the motion will be transferred to the Court of Appeals for the Sixth Circuit.

II.

After the Court dismissed the petition as untimely, Petitioner filed a motion for a

certification of appealability. The Court denied the motion. (Doc. 32). Petitioner appealed. The Sixth Circuit also denied a certificate of appealability. See Doc. 48. The Supreme Court denied certiorari. See Jurich v. McLemore, case no. 03-7936 (March 9, 2004).

Over five years later, on August 20, 2009, Petitioner filed a motion under Rule 60(b), asking the Court to vacate its order dismissing his petition and/or reopen his case on the grounds that there had been fraud upon the Court. (Doc. 54). The Court denied the motion for lack of merit, Doc. 55, and also denied a certificate of appealability, Doc. 59. Petitioner appealed. The Sixth Circuit also denied a certificate of appealability. See Doc. 61.

Thereafter, over four years after the Sixth Circuit denied a certificate of appealability, Petitioner filed the instant motion under Rule 60(b).

III.

The threshold question presented by Petitioner's motion is whether, although it is styled as a Rule 60(b) motion, it must be construed as a second or successive petition under § 2255 over which the Court lacks jurisdiction.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The "judgment" from which relief may appropriately be sought under Rule 60(b) here is the Court's ruling on the prior habeas petition itself. That is, a Rule 60(b) motion would be appropriate to "attack [ ] ... some defect in the integrity of the [prior] federal habeas proceedings." Gonzales, 545 U.S. at 532. A motion that, for instance, "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar"—should not be construed as a second or successive habeas petition. Id. at 532 n. 4. However, "[w]here a Rule 60(b) motion presents a 'claim,' such as an attack on an earlier decision on the merits or a claim presented for the first time in the Rule 60(b) motion, it is properly considered a second or successive habeas motion." Hourani v. United States, 239 F. App'x 195, 197 (6th Cir. 2007) (citing Gonzales, 545 U.S. at 532). In short, new claims that challenge the underlying conviction or sentence or "the substance of the federal court's resolution of a [prior habeas] claim on the merits" are not appropriately brought under Rule 60(b). Gonzales, 545 U.S. at 532.

Petitioner asserts the following claims as grounds for relief under Rule 60(b):

1. Petitioner was denied the effective assistance of appellate counsel

2. The presiding judge had no authority to hear Petitioner's case

   3.  Under the doctrine of concurrent jurisdiction, the Air Force abandoned Petitioner to the civilian authorities, violating its regulations

   4. The Michigan State Courts abused their discretion in denying Petitioner post conviction relief

None of these grounds are proper under Rule 60(b) in the habeas context.  None of the claims allege a defect in the habeas proceedings.  Rather, Petitioner's claims are substantive and are a merit-based attack on his state court conviction.  As such, his Rule 60(b) motion presents new claims and is the "functional equivalent" of a second habeas application governed by § 2244(b).

Under § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Because Petitioner's Rule 60(b) motion is the functional equivalent of a successive habeas petition, and because he has not obtained authorization from the Sixth Circuit to file such a petition, the Court lacks jurisdiction to consider the merits of the Rule 60(b) motion.  See Smith v. Anderson, 402 F.3d 718, 723 (6th Cir. 2005) (" § 2244(b)(3) allocates subject matter jurisdiction to the court of appeals, rather than the district court, in the first instance, over a second or successive habeas petition.").

The Sixth Circuit has instructed the district courts to transfer to the Sixth Circuit any second or successive petition for habeas relief filed in the district court without authorization, pursuant to 28 U.S.C. § 1631. In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

IV.

Accordingly, because Petitioner's motion cannot be filed in the Court without permission from the Sixth Circuit, the Clerk of Court shall TRANSFER this motion to the Sixth Circuit to be considered as a motion for an order authorizing the district court to consider the application.  28 U.S.C. §§ 2255(h), 2244(3)(A).

SO ORDERED.

                                          S/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

Dated: November 10, 2015
       Detroit, Michigan